IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Lewis Samuel, *a/k/a* *Steven Samuel #31827*,<br><br>        Plaintiff,<br><br>v.<br><br>Tonya Copeland Little, Esq.,<br><br>        Defendant. | Civil Action No. 4:22-cv-1968-TMC<br><br>**ORDER** |

Plaintiff Steven Lewis Samuel, proceeding *pro se* and *in forma pauperis*, filed what the court construes as an action against Defendant Tonya Copeland Little, Esq. under 42 U.S.C. § 1983. (ECF Nos. 1, 2, 13). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (ECF No. 27). Plaintiff filed objections to the Report (ECF No. 29). The matter is ripe for review.

**Background**

In a handwritten, 30-page single spaced complaint, Plaintiff leveled various conclusory allegations against Defendant, a private attorney who was apparently appointed to represent Plaintiff on various state criminal charges including murder and sexual assault. (ECF No. 1-1 at 2–5). Although the alleged factual basis for Plaintiff's claims is difficult to discern, Plaintiff asserts that Defendant violated his constitutional rights under the United States and South Carolina constitutions, engaged in malpractice and unlawful employment practices, and is liable for

1

involuntary servitude. Plaintiff also appears to assert claims for malicious prosecution, contempt of court, defamation, violations of the South Carolina Tort Claims Act, and perjury. Along with the complaint, Plaintiff filed motions to change venue (ECF No. 3) and for a temporary restraining order (ECF No. 4).

On August 1, 2022, the magistrate judge entered a proper form order directing Plaintiff to complete a standard complaint form, which was enclosed, and advising Plaintiff that the failure to bring the case into proper form within 21 days could result in the dismissal of the action. (ECF No. 12). In response, rather than completing the standard form as directed, Plaintiff reasserted various reasons that he wished to sue Defendant. (ECF No. 16). Accordingly, on August 29, 2022, the magistrate judge issued a second proper form order, again directing Plaintiff to complete the enclosed standard form complaint and warning him that it was "his final opportunity to provide the information requested by the court." (ECF No. 19 at 1). Once again, Plaintiff responded but failed to complete the complaint form as directed by the court. (ECF No. 22). Additionally, Plaintiff filed a motion to appoint counsel and for this court to "intervene" in his pending state charges as well as for other relief. (ECF No. 23).

## Report of the Magistrate Judge

The magistrate judge subsequently issued her Report recommending that the court dismiss this action for failure to comply with court orders and for failure to prosecute. (ECF No. 27 at 4). As the magistrate judge correctly noted, a court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute[,] but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 3–4 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)) (internal quotation marks omitted). The magistrate judge found that

Plaintiff's failure to comply with the court's orders subjects the case to dismissal for failure to prosecute under Rule 41(b).  *Id.* at 4.

The magistrate judge further recommended, in the alternative, that the court summarily dismiss the action under 28 U.S.C. § 1915 for failure to allege sufficient facts to state a claim against Defendant.  *Id*. at 4–5.  The magistrate judge recognized that "[a]n attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983."  *Id*. at 4 (citing *Polk County v. Dodson*, 454 U.S. 312, 317–24 & nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney)).

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As:*

3

*2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

**Discussion**

Although Plaintiff filed objections to the Report, they are non-specific and entirely unrelated to the Report. *See* (ECF No. 29). Instead, Plaintiff restates many of the assertions set forth in his initial pleading. Plaintiff seeks to have his issues and claims remanded to state court even though this action was filed in federal court and not removed from state court. Furthermore, nowhere in Plaintiff's objections does he offer any cure to the deficiencies noted in the Report. Plaintiff's objections are, therefore, overruled and, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Having thoroughly reviewed the Report, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 27), which are incorporated herein by reference. Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and to comply with court orders, and under §§ 1915 and 1915A for failure to state a claim for relief. Therefore, Plaintiff's motion to change venue (ECF No. 3), motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4), and motion to appoint counsel and intervene (ECF No. 23) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.